# United States District Court
# Northern District of Indiana

| | |
|---|---|
| JEFFREY WINSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:10-CV-361 JVB |
| | ) |
| DEPUTY HEATH and JULIE LAWSON, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Jeffrey Winston, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs*., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Winston alleges that in October 2008, when he was a pretrial detainee at the St. Joseph County Jail, an incident occurred when detainees in his pod were exiting the unit to be

checked for head lice. Winston alleges that Warden Julie Lawson had all the detainees line up against a wall. When they were lined up, Winston claims that Warden Lawson signaled to someone on her walkie-talkie, at which time Deputy Heath "came running from his place of hiding." He alleges that Deputy Heath began yelling for the detainees to get on the ground while shooting at them with a "pepperball gun." (DE 1 at 4.) Winston complied with Deputy Heath's order to get on the ground, but Deputy Heath nevertheless came and stood directly over him and shot him in the buttocks at close range with a pepperball. Winston claims that Warden Lawson saw what Deputy Heath was doing but did nothing to stop him. He alleges that the injury caused him significant pain and later swelled to the size of a "golf ball." (*Id.* at 5.)

A few days after this incident Warden Lawson spoke with each inmate individually about what had occurred. Winston claims Warden Lawson told him she had received information that one of her officers had been trafficking drugs in Winston's unit and she was trying to determine which of the inmates were involved. According to Winston, another guard subsequently told him that Deputy Heath was "trigger happy" and that Warden Lawson had given him the order to use the pepperball gun.

Based on these events, Winston is suing Warden Lawson and Deputy Heath for excessive force. Because Winston was a pretrial detainee during these events, the Fourteenth rather than the Eighth Amendment applies, but the "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County* , 327 F.3d 588, 593 (7th Cir. 2003). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589

F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether the use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, Winston alleges that he had complied with Deputy Heath's order and was lying face down on the floor when Deputy Heath shot hit him at close range with a pepper ball. He further alleges that this caused him significant pain and required medical treatment. Giving Winston the inferences to which he is entitled at this stage, he has stated a claim of excessive force against Deputy Heath.

Holding a supervisor liable is more difficult, since there is no general *respondeat superior* liability under Section 1983. However, supervisory liability will be found "if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). As the Seventh Circuit has explained:

> [T]o be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Id.* (internal citations and quotation marks omitted). Here, Winston alleges facts that Warden Lawson was present during this incident and deliberately turned a blind eye while Deputy Heath shot him at close range when he was lying face down on the floor. He also alleges facts from which it can be inferred that Warden Lawson gave Deputy Heath the order to fire on detainees with the pepperball gun. Giving Winston the inferences to which he is entitled at this stage, he has stated a claim against Warden Lawson.

3

For these reasons, the Court:

(1) **GRANTS** Jeffrey Winston leave to proceed on his Fourteenth Amendment excessive force claim against Deputy Heath and Warden Julie Lawson in their individual capacities for monetary damages for injuries incurred when he was shot in the buttocks with a pepperball gun on or about October 8, 2008;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Deputy Heath and Warden Julie Lawson; and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Deputy Heath and Warden Julie Lawson respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on November 16, 2010.

    s/ JosephS. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division