# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| JEFFREY WINSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10-CV-361 JVB |
| | ) | |
| DEPUTY HEATH and JULIE LAWSON, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Jeffrey Winston, a *pro se* prisoner, was granted leave to proceed on claim that he was subjected to excessive force in violation of the Fourteenth Amendment. (DE 5.) He is suing Deputy Dean R. Heath for shooting him with a pepperball gun during a disturbance at the St. Joseph County Jail, and Warden Julie Lawson for failing to intervene in Deputy Heath's use of excessive force. (*Id.*) The defendants move for summary judgment. (DE 24.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 653-54 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Id.*

The following facts are undisputed.[1] Deputy Heath has been employed at the St. Joseph County Jail since 2003. (DE 25-1, Heath Aff. ¶ 1.) On October 8, 2008, Deputy Heath was working at the jail when he was notified that Warden Lawson was activating the Detention Response Team to assist in a search for contraband in the B-Pod, where Winston was housed as a pretrial detainee. (*Id.* ¶ 2.) Deputy Heath was a member of the Detention Response Team. (*Id.*) On the date in question, the team members were each given a tactical assignment; Deputy Heath and one other deputy were assigned to the pepperball gun system, and their task was to control the movements of the inmates in the B-Pod as they were being searched. (*Id.*)

When Deputy Heath and the other team members arrived at the B-Pod, they made their way to the outdoor recreation door. (*Id.* ¶ 3.) As they heard the inmates coming down the hall, the guards came around the corner, and Deputy Heath directed all 22 inmates to get down on their knees and face the wall. (*Id.*) All the inmates complied except for one; this inmate was someone other than Winston. (*Id.* ¶ 4.) The inmate continued to stand with his back to the wall and was again ordered to kneel down and face the wall. (*Id.*) He again refused. (*Id.*) At that point Deputy Heath deployed several pepperball rounds, striking the inmate in the torso. (*Id.*) The inmate then complied with Deputy Heath's orders. (*Id.*)

All the inmates were then taken to the outdoor recreation yard for fresh air. (*Id.* ¶ 5.) The inmate who was struck with the pepperball was later treated and cleared by medical staff. (*Id.* ¶ 4.) A few other inmates complained that they had also been hit by a pepperball. (*Id.* ¶ 5.) Each

---

[1] More than 90 days have passed since the defendants filed their motion for summary judgment and Winston has not filed a response or objection, even though the defendants provided him with proper notice of the motion. (*See* DE 26.)

was checked by medical staff, and none were found to have any visible marks on their skin consistent with being hit by a pepperball round. (*Id.*)

Because Winston was a pretrial detainee during these events, the Fourteenth rather than the Eighth Amendment applies, but the applicable standards are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry as to whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat reasonably perceived by the officer, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

In determining whether the use of force was reasonable, particular deference is owed to correctional staff when they are attempting to maintain or restore order in a correctional facility. *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986). On this point, the Supreme Court has instructed:

> When the ever-present potential for violent confrontation and conflagration ripens into actual unrest and conflict, the admonition that a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators carries special weight. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice[.]

3

*Id.* (internal quotation marks and citations omitted). Therefore, "[u]nless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain . . . the case should not go to the jury." *Id.* at 322.

Here, the undisputed facts establish that Deputy Heath used force not maliciously and sadistically to cause harm, but in a good-faith effort to maintain order during a potentially volatile situation at the jail. Specifically, the record shows that Deputy Heath was responsible for controlling the movements of 22 inmates during a search for contraband. One of the inmates refused two direct orders to kneel down and face the wall, and Deputy Heath was entitled to use force to get him to comply. As the Seventh Circuit has observed:

> Inmates cannot be permitted to decide which orders they will obey, and when they will obey them . . . . When an inmate refuses to obey a proper order, he is attempting to assert his authority over a portion of the institution and its officials. Such refusal and denial of authority places the staff and other inmates in danger.

*Lewis*, 581 F.3d at 476 (internal citation omitted). Therefore, if an inmate "cannot be persuaded" to obey a direct order, "some means must be used to compel compliance, such as a chemical agent or physical force." *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984). Deputy Heath reasonably deployed his pepperball gun in order to compel the inmate's compliance with his orders.

Deputy Heath attests that to the best of his knowledge the pepperballs did not hit any inmate other than the inmate who refused to comply with his orders. (*See* DE 25-1, Heath Aff. ¶ 5.) Winston has not filed a response to the motion or otherwise provided the court with any evidence to support a different version of events. Accordingly, Winston has failed to establish that Deputy Heath used excessive force against him. Because Winston has not shown that Deputy Heath used excessive force, his claim against Warden Lawson also fails. *Fillmore v.*

4

*Page*, 358 F.3d 496, 506 (7th Cir. 2004) (plaintiff cannot prevail on claim for failure to intervene where he fails to prove an underlying constitutional violation involving excessive force).

For the reasons set forth above, the motion for summary judgment (DE 24) is **GRANTED** and judgment is **ENTERED** in favor of the defendants.

**SO ORDERED** on January 10, 2012.

  s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division